**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
:
ALVERSON LAYNE, on behalf of himself and all : 
others similarly situated, :
:
Plaintiff, : Civil Action No.
:
vs. : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
I.C. SYSTEM, INC., :
:
Defendant. :
:
———————————————————X

Plaintiff ALVERSON LAYNE, on behalf of himself and all others similarly situated, (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant I.C. SYSTEM, INC. ("Defendant"), the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for statutory damages arising from Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 et seq.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues

## PARTIES

6. Plaintiff is a natural person and is a "Consumer" as defined by 15 U.S.C. § 1692a(3) and is a resident of the state of New Jersey

7. Based upon information and belief, Defendant I.C. SYSTEM, INC. is a Minnesota corporation with its principle place of business located at 99 Hwy 96 E, Vadnais Heights, MN 55127.

8. Based upon information and belief, each Defendant is a company that uses the mail, telephone, email and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

9. Defendants JOHN DOES 1-50 and ABC CORP. 1-50 are fictitious defendants. JOHN DOES 1-50 are fictitious individuals. ABC CORP. 1-50 are business entities including,

but not limited to a corporation, limited liability company and/or partnership, which are in the business of buying and/or collecting on defaulted consumer and other debt. In the event any named defendant is not the real name of the defendant, or he or it is known by any other name, plaintiff reserves the right to amend this complaint to properly name the defendant

## **CLASS ACTION ALLEGATIONS**

10. Plaintiff brings this action as a state wide Class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt collection letters, information subpoenas, emails and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

All New Jersey consumers who were sent collection letters and/or notices from Defendant and which included the alleged conduct and practices described herein.

- The Class period begins one year prior to the filing of this action. The class definition may be subsequently modified or refined.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant and/or have been subject to Court filings by Defendant, that violate specific provisions of the FDCPA

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA.
    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;
    c. Whether Plaintiff and the Class have sustained damages as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages; and
    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.
- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Each Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

17. Prior to April 21, 2021, Plaintiff allegedly incurred a financial obligation to Clara Maas Medical Center ("CMMC") related to a medical bill.

18. The Debt obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or

household purposes.

19. The Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. CMMC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. At some time prior to November 17, 2022, the Debt became past due with a balance of $1,875.17.

22. At some time prior to November 17, 2022, CMMC referred the debt obligation to Defendant for the purpose of collection.

23. Defendant caused to be delivered to Plaintiff an undated collection letter which was received by Plaintiff on or about November 17, 2022 and was addressed to Plaintiff. A copy of said collection letter ("the Collection Letter") is annexed hereto as **Exhibit A**, and is fully incorporated herein by reference.

24. The Collection Letter was Defendant's initial written communication to Plaintiff.

25. The Collection Letter was sent to Plaintiff in connection with the collection of the CMMC obligation.

26. Upon receipt, Plaintiff read the Collection Letter.

27. The Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. The Collection Letter was purportedly generated in order to comply with Regulation F, effective November 30, 2021.

29. The Collection Letter did not have a date on it.

30. As the initial written communication to Plaintiff, the Collection Letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

31. 15 U.S.C. § 1692g provides that within five days after the initial communication

with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

32. 15 U.S.C. § 1692g(a)(2) provides a requirement that the written notice must contain the name of the creditor to whom the debt is owed;

33. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

34. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

35. In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

36. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

37. In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

38. A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

39. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

40. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

41. Despite the fact that the Collection Letter does not have a date on it, the letter states:

| | |
|---|---:|
| As of 4/21/2021 you owed: | $30,080.69 |
| Between 4/21/2021 and today: | |
| You were charged this amount in interest: + | $0.00 |
| You were charged this amount in fees: + | $0.00 |
| You paid or were credited with this amount toward the debt: | -$28,205.52 |
| **The total amount of the debt now:** | **$1,875.17** |

42. It is not possible to determine from the Collection Letter which date "today" and "now" refer to since the Letter is not dated.

43. Plaintiff was thereby misled as to the status of the subject debt, for there was no particular date associated with the letter.

44. The consumer would not know what the total amount of debt is since there is no reference date to be used for "today" and "now".

45. The fact that Defendant did not date the letter and attempted to define the subject debt based on a date that was not defined was suspicious, misleading and deceptive.

46. Furthermore, since the Collection Letter suggested that the amount of the debt was not static, it was important that the Plaintiff know as of what date the Collection Letter was calculating the total amount due.

47. By withholding the date on the letter, Defendant withheld a material term from Plaintiff which rendered the letter confusing as how to understand the true amount of the Debt.

48. Furthermore, since the Collection Letter was received on or about November 17, 2022Plaintiff did not have 30 days in which to dispute or seek verification of the Debt.

49. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

50. Defendant knew or should have known that its actions violated the FDCPA.

51. Defendant could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

52. It is Defendant's policy and practice to send collection letters which misrepresent credit reporting with respect to medical debt, and which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Using unfair or unconscionable means to collect or attempt to collect any debt; and,

    (c) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

53. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 30 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

54. Plaintiff repeats the allegations contained in paragraphs 1 through 53 as if the same were set forth at length.

55. Defendant violated 15 U.S.C. §1692 et seq. and Regulation F of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

56. By engaging in the conduct described herein, Defendant violated:

A. 15 U.S.C. §1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

B. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

C. 15 U.S.C. §1692e(2)(a) by the false representation of the character, amount or legal status of any debt;

D. 15 U.S.C. §1692e(5) by threatening to take an action which it could not take;

E. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

G. 15 U.S.C. § 1692g(a), by failing to provide Plaintiff with at least 30 days to dispute the debt;

H. 15 U.S.C. §1692g(b), by engaging in collection activities and communications which overshadow or are inconsistent with the consumer's rights; and,

I. Regulation F, by failing to include a date on the Collection Letter

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel under Rule 23;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding reasonable attorneys' fees, costs and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         November 15, 2023

                                                Respectfully submitted,

                                                By: s/ Lawrence C. Hersh
                                                   Lawrence C. Hersh, Esq.
                                                   17 Sylvan Street, Suite 102B
                                                   Rutherford, NJ  07070
                                                   (201) 507-6300
                                                   *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: November 15, 2023              By: s/ Lawrence C. Hersh
                                          Lawrence C. Hersh, Esq.

EXHIBIT A

Page 1 of 2

I.C. System Inc.
P.O. BOX 64378
ST. PAUL, MN 55164-0378
844-461-8831 Mon - Fri 8:00 AM - 4:30 PM CT
https://www.icsystem.com/consumer

To:  ALVERSON LAYNE


I.C. System Reference No.: ████████8-1-39
Account No.: ████████1672

**I.C. System, Inc. is a debt collector.** We are trying to collect a debt that you owe to Clara Maass Medical Center. We will use any information you give us to help collect the debt.

## Our information shows:

Clara Maass Medical Center, has placed your past due balance for account number ██████1672 in our office. Clara Maass Medical Center is both the original and current creditor to whom this debt is owed.

| | |
|---|---|
| As of 4/21/2021 you owed: | $30,080.69 |
| Between 4/21/2021 and today: | |
| You were charged this amount of interest: + | $0.00 |
| You were charged this amount in fees:    + | $0.00 |
| You paid or were credited this amount toward the debt: | - $28,205.52 |
| **Total amount of the debt now:** | **$1,875.17** |

## How can you dispute the debt?

- Call or write to us by 11/17/2022, to dispute all or part of the debt. If you do not, we will assume that our information is correct.

- If you write to us by 11/17/2022, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at https://www.icsystem.com/consumer.

## What else can you do?

- Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by 11/17/2022, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such disputes electronically at https://www.icsystem.com/consumer.

- Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

- Contact us about your payment options.

- Póngase en contacto con nosotros para solicitar una copia de este formulario en español.

The name and address of the original creditor is:
Clara Maass Medical Center
PAYMENT PROCESSING CENTER
P.O. BOX 29948
NEW YORK NY 10087-9947

1650056-T09-510-204692671-System-21225

**Notice:** See reverse side for important information.

✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Mail this form to:

IC System, Inc.
P.O. Box 64378
St. Paul, MN 55164-0378

## How do you want to respond?

Check all that apply:

☐ I want to dispute the debt because I think:
  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please include additional information).

■ The name and address of the original creditor is provided in the notice above.

☐ I enclosed this amount.     $ [          ]

Make your check payable to I.C. System, Inc.. Include the reference number ██████8-1-39.

☐ Quiero este formulario en español.


ALVERSON LAYNE

0011 027885

This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

I.C. System, Inc.|444 Highway 96 East, PO Box 64378, St. Paul MN 55164-0378

✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐ Address Changed?
STREET _____
CITY _____ STATE _____ ZIP _____
Billing Phone Number: _____

I.C. SYSTEM, INC.
P.O. BOX 64378
ST. PAUL, MN 55164-0378

|||||||||||||||||||||||||||||||||||||||||||||||||||

0510000018751729442510800139 0101